# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Hakkasan LV, LLC; and Hakkasan Limited,   )
                                          )
                  Plaintiffs,   )   Case No.: 2:13-cv-01122-GMN-CWH
   vs.                                    )
                                          )   **ORDER**
Tsang Hang Wang; and Prime Nightlife, LLC,   )
                                          )
                  Defendants.   )
                                          )

Pending before the Court is the Ex Parte Motion for Temporary Restraining Order (ECF No. 2) filed by Plaintiffs Hakkasan LV, LLC ("Hakkasan LV") and Hakkasan Limited ("Hakkasan Ltd.") (collectively, "Plaintiffs") against Defendants Tsang Hang Wang and Prime Nightlife, LLC (collectively, "Defendants").[1]

## I. BACKGROUND

Hakkasan LV owns and operates Hakkasan ("Hakkasan Las Vegas"), "a premier nightclub and restaurant venue located inside the MGM Grand Hotel and Casino on the Las Vegas strip." (Am. Compl., 2:¶4, ECF No. 10.) Plaintiffs allege that Hakkasan LV is "an indirect wholly owned subsidiary of Plaintiff Hakkasan Limited." (*Id*.) Hakkasan Limited is a United Kingdom LLC, which owns a registered trademark with the United States Patent and Trademark Office for the "HAKKASAN" mark, and "a pending trademark application . . . for nightclubs, nightclub services . . . and related services" ("HAKKASAN Marks"). (Am. Compl., 3:¶8; HAKKASAN, Registration No. 3,789,248, attached to Demand Letter, May 31, 2013, Ex.

---

[1] Plaintiff Hakkasan LV originally filed this action contemporaneously with the Ex Parte Motion for Temporary Restraining Order, and subsequently filed an Amended Complaint, adding Plaintiff Hakkasan Limited as a party.

6 to Am. Compl.)  Plaintiffs allege that Hakkasan LV is "a licensee of the HAKKASAN Marks in connection with its ownership and operation of Hakkasan Las Vegas." (Am. Compl., 3:¶8.)

Defendant Wang is an individual, and Defendant Prime Nightlife, LLC, is a California LLC that appears to be owned and operated by Defendant Wang. (Am. Compl., 3:¶¶5-6; Exs. 1, 2 to Am. Compl.)  Plaintiffs allege that Defendants: (1) registered the Internet domain name <hakkasanlasvegas.net> in February 2013; (2) linked the domain name to a website with the title and subtitles: "Hakkasan Las Vegas Nightclub" "VIP Bottle Service, Guest List, Promoters, and Hosts"; and (3) on another website Defendants own under the domain name <primenightlife.com>, created a url link entitled "Hakkasan Las Vegas" which directs users to the <hakkasanlasvegas.net> domain name. (Am. Compl., 4:¶¶14-15; Ex. 4 to Am. Compl.) Plaintiffs "became aware of the infringing nature of the [<hakkasanlasvegas.net> domain name] in or about April 2013, just prior to the opening of Hakkasan Las Vegas." (Am. Compl., 5:¶16.)

Plaintiffs allege six causes of action, requesting injunctive relief, damages, costs and fees: (1) Cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d); (2) Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114; (3) Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a); (4) Common Law Trademark Infringement; (5) Deceptive Trade Practices Under N.R.S. § 598.0915; and (6) Intentional Interference with Prospective Economic Advantage. (Am. Compl., 6-10.)

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts

made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

In deciding such a motion, "the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l. Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)). "The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from

persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).

### III. DISCUSSION

A person shall be liable in a civil action by the owner of a mark if that person has a bad faith intent to profit from that mark, and registers, traffics in, or uses a domain name that is: (1) is identical or confusingly similar to a mark that is distinctive at the time of the domain registration; or (2) is identical or confusingly similar to or dilutive of a mark that is famous at the time of the domain registration. 16 U.S.C. § 1125(d).

Here, having reviewed the motion and Plaintiffs' Amended Complaint (ECF No. 10) and accompanying exhibits, the Court finds Plaintiffs are likely to succeed on the merits of their claims that the <hakkasanlasvegas.net> domain name and the website located at that domain name, as well as the url link at the website located at the <primenightlife.com> domain name demonstrate a bad faith intent to profit from the HAKKASAN Marks, and that the <hakkasanlasvegas.net> domain name is confusingly similar to the HAKKASAN Marks, which were distinctive or famous at the time of the domain registration in February 2013.

The Court finds that there is a likelihood of irreparable harm in the absence of preliminary relief, that the public interest is served by the issuance of a temporary restraining order, and that the balance of equities tips in Plaintiffs' favor. Accordingly, Plaintiffs' Motion for Temporary Restraining Order (ECF No. 2) will be granted, and a hearing on the Motion for Preliminary Injunction (ECF No. 3) will be set prior to the expiration of the temporary restraining order.

The temporary restraining order shall go into effect upon Plaintiffs' posting of a bond in the amount of $100.

As requested by Plaintiffs, the Court will permit service of the summons, complaint,

motion, temporary restraining order and notice of the hearing on the preliminary injunction by e-mail, in addition to effectuating service as mandated by Fed. R. Civ. P. 4 and 5.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Ex Parte Motion for Temporary Restraining Order (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants, their respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, are prohibited from: (1) using Plaintiff Hakkasan Limited's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on web sites and in domain names); and (2) registering, owning, leasing, selling, or trafficking in any domain names containing Plaintiff Hakkasan Limited's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs; and that Defendants are prohibited from transferring the domain name <hakkasanlasvegas.net> during the pendency of this action or until further order of the Court.

**IT IS FURTHER ORDERED** that pursuant to 15 U.S.C. § 1125(d)(1)(C), the domain name <hakkasanlasvegas.net> shall be immediately locked by the Registrar and/or its successor registrars.

**IT IS FURTHER ORDERED** that Defendants will immediately cease and desist any and all use of the HAKKASAN name and mark and any and all variants thereto, including use of the <hakkasanlasvegas.net> domain name.

**IT IS FURTHER ORDERED** that the Registrar and/or its successor registrars remove all existing Domain Name Server (DNS) entries and corresponding addresses, and enter the Registrar's default Domain Name Server and address entries to prevent further damage caused

by the infringing use of the <hakkasanlasvegas.net> domain name.

**IT IS FURTHER ORDERED** that Defendants shall file, pursuant to 15 U.S.C. § 1116(a), with this Court and serve upon Plaintiffs within thirty (30) days after entry of this Order, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with this Court's Order.

**IT IS FURTHER ORDERED** that Plaintiffs shall post a nominal bond of $100 for the domain name at issue because the evidence indicates that Defendants will only suffer minimal, if any, damage by the issuance of this temporary restraining order.

**IT IS FURTHER ORDERED** that, to ensure Defendants receive timely notice of the hearing, given that Defendants must maintain accurate contact information with the domain name registrar, Plaintiffs may, in addition to the requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure, serve the Motion, this Order and all other pleadings filed to date on Defendants by electronic mail transmission.

**IT IS FURTHER ORDERED** that a hearing on Plaintiff's Motion for Preliminary Injunction (ECF No. 3) shall be set for **July 22, 2013, at 10:30 a.m., in Courtroom 7D** at the Lloyd D. George United States Federal Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

**IT IS FURTHER ORDERED** that Defendants shall file and serve opposition papers, if any, no later than **July 18, 2013**. Plaintiffs shall file and serve their reply brief, if any, no later than **July 21, 2013**.

**DATED** this 10th day of July, 2013.

_____
Gloria M. Navarro
United States District Judge