# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN LV, LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company<br><br>        Plaintiffs,<br><br>vs.<br><br>TSANG HANG WANG, an individual; PRIME NIGHTLIFE, LLC, a California limited liability company<br><br>        Defendants. | 2:13-cv-01122-GMN-CWH<br><br>ORDER |

Pending before the Court is Plaintiffs' motion for preliminary injunction. Plaintiffs allege six causes of action, injunctive relief, and damages. The causes of action are: (1) Cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d); (2) Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114; (3) Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a); (4) Common Law Trademark Infringement; (5) Deceptive Trade Practices under N.R.S. § 598.0915; and (6) Intentional Interference with Prospective Economic Advantage. (Am. Compl., 6-10).

A hearing on the motion for preliminary injunction was scheduled for July 30, 2013 at 10:15AM. The Defendants were given notice of the hearing through electronic mail as authorized by the court. ECF No. 16. Defendants have failed to respond to the motion for preliminary injunction and failed to appear at the hearing.

Upon consideration of the motion filed by Plaintiffs Hakkasan, LV, LLC ("Hakkasan"), requesting a preliminary injunction requiring Defendants Tsang Hang Wang and Prime Nightlife, LLC ("Defendants") to immediately cease and desist all use of the <hakkasanlasvegas.net> domain name ("Infringing Domain Name") and Hakkasan Limited's trademarks and requiring the domain name registrar to lock the domain name at issue and the supporting memorandum of points and authorities, the supporting declarations and evidence, the record in this case, and for other good cause shown:

THE COURT FINDS AND CONCLUDES THAT:

This court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

The court has personal jurisdiction over the Defendants and that Defendants regularly conduct business in the State of Nevada and Defendants committed tortious acts that they knew or should have known would cause injury to Plaintiffs in the State of Nevada.

Plaintiff Hakkasan LV, a Nevada limited liability company, is an indirect wholly owned subsidiary of Plaintiff Hakkasan Parent, a foreign private limited company that is in the process of qualifying to do business in the State of Nevada. Hakkasan LV owns and operates Hakkasan, a premier nightclub and restaurant venue located inside the MGM Grand Hotel and Casino on the Las Vegas strip ("Hakkasan Las Vegas"). Hakkasan Parent also owns and/or

operates, either directly or through its subsidiary companies, several other Hakkasan restaurants around the globe, including Dubai, London, New York, San Francisco, and Miami.

Hakkasan Parent owns the mark HAKKASAN in connection with, among other things, restaurant, bar, and nightclub services.  In particular, Hakkasan Parent owns a federal trademark registration (U.S. Reg. No. 3,789,248) for HAKKASAN for bar and restaurant services and a pending trademark application (U.S. Ser. No. 85/928057) for nightclubs, nightclub services in the nature of reservation and booking services for the purpose of arranging for admission to nightclubs, and related services (the "HAKKASAN Marks").  Plaintiff is a licensee of the HAKASSAN Marks in connection with its ownership and operation of Hakkasan Las Vegas and has the exclusive right to use the HAKKASAN Marks in Las Vegas, Nevada.

Plaintiffs have made extensive use of the HAKKASAN Marks on, among other things, signage, billboards and promotional materials.

Based on Hakkasan Parent's federal trademark registration, pending federal trademark application and extensive use, Hakkasan Parent owns the exclusive right to use its HAKKASAN Marks in connection with restaurant, bar, nightclub, and related services. As a licensee of the HAKKASAN Marks, Hakkasan LV is entitled to the exclusive right to use the HAKKASAN Marks in Las Vegas, Nevada in connection with Hakkasan Las Vegas for restaurant, bar and nightclub services and is entitled to enforce its rights against Defendants.

The extensive advertising and promotion of  Hakkasan  Las Vegas and the other Hakkasan locations around the world have

resulted in the HAKKASAN name and mark being distinctive for the restaurant, bar, and nightclub services.

Defendants have used the HAKKASAN marks as part of their Internet domain name <hakkasanlasvegas.net> without Plaintiffs' authority or permission.

A preliminary injunction may be issued if Plaintiffs establish: (1) the Plaintiffs will probably prevail on the merits; (2) Plaintiffs will likely suffer irreparable injury if relief is denied; (3) the balance of equities tips in Plaintiffs' favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, an injunction may issue under the "sliding scale" approach if there are serious questions going to the merits and the balance of hardships tips sharply in Plaintiffs' favor, so long as plaintiffs still show a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

"An injunction is a matter of equitable discretion and is an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotation marks omitted).

A person shall be liable in a civil action by the owner of a mark if that person has a bad faith intent to profit from that mark, and registers, traffics in, or uses a domain name that is: (1) identical or confusingly similar to a mark that is distinctive at the time of the domain registration; or (2) identical or confusingly similar to or dilutive of a mark that is famous at the

time of the domain registration. 16 U.S.C. § 1125(d).

    After consideration of the motion and Plaintiffs' Amended Complaint, ECF No. 10, and accompanying exhibits, the Court finds and concludes Plaintiffs are likely to succeed on the merits of their claims under the Lanham Act that the <hakkasanlasvegas.net> domain name and the website located at that domain name, as well as the url link at the website located at the <primenightlife.com> domain name demonstrate a bad faith intent to profit from the HAKKASAN Marks, and that the <hakkasanlasvegas.net> domain name is confusingly similar to the HAKKASAN Marks, which were distinctive or famous at the time of the domain registration in February 2013.

    As indicated, Plaintiffs have demonstrated likelihood of success on the merits of their cybersquatting claims against Defendants under the Lanham Act, 15 U.S.C. § 1125(d).

    Plaintiffs have demonstrated likelihood of success on the merits of their trademark infringement claims against Defendants under the Lanham Act, 15 U.S.C. § 1114, and Nevada law.

    Plaintiffs have also demonstrated likelihood of success on the merits of their unfair competition claims against Defendants under the Lanham Act, 15 U.S.C. § 1125(a).

    Plaintiffs will suffer irreparable injury if the Court does not require the domain name registrar Namecheap.com (the "Registrar") to lock the infringing <hakkasanlasvegas.net> domain name pending litigation of this matter.

    Plaintiffs have demonstrated that they will suffer irreparable harm if a Preliminary Injunction is not entered because Defendants could transfer the Infringing Domain Name to another registrant or registrar. Transfer of the Infringing Domain Name to another

1  registrant would deprive the Court of jurisdiction and require
2  Plaintiffs to file additional suits to recover their intellectual
3  property.  Transfer of the Infringing Domain Name to another
4  registrar would require Plaintiffs to expend significant effort and
5  financial resources to track the registration.
6      The balance of hardships tips in favor of Plaintiffs because
7  issuance of the injunction would merely lock the domain name
8  pending trial, and failure to issue the injunction would cause
9  Plaintiffs to suffer irreparable injury to their name and marks and
10 the associated goodwill if Defendants are not enjoined from
11 registering, maintaining the registration on or using domain names
12 containing Plaintiffs' marks or marks confusingly similar thereto.
13     There is no likelihood of harm to the public from the
14 preliminary injunction now being granted.
15     It is THEREFORE ORDERED, ADJUDGED, AND DECREED that: the
16 Application for Preliminary Injunction is hereby GRANTED;
17     IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. §
18 1125(d)(1)(C), the domain name <hakkasanlasvegas.net> shall be
19 immediately locked by the Registrar and/or its successor
20 registrars;
21     IT IS FURTHER ORDERED that Defendants, their respective
22 officers, agents, servants, employees and/or all persons acting in
23 concert or participation with them, or any of them, are prohibited
24 from :(1) using Plaintiff Hakkasan Limited's trademarks or
25 confusingly similar variations thereof, alone or in combination
26 with any other letters, words, letter strings, phrases, or designs,
27 in commerce or in connection with any business or for any other
28 purpose (including, but not limited to, on websites and in domain

names): and (2) registering, owning, leasing, selling, or trafficking in any domain names containing Plaintiff Hakkasans Limited's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs; and that Defendants are prohibited from transferring the domain name <hakkasanlasvegas.net> during the pendency of this action or until further order of the Court.

    IT IS FURTHER ORDERED that the Registrar and/or its successor registrar remove all existing Domain Name Servers (DNS) entries and corresponding addresses, and enter the Registrar's default DNS and address entries to prevent further damage cause by the infringing use of the Infringing Domain Name.

    IT IS FURTHER ORDERED that the Defendants shall file, pursuant to 15 U.S.C. § 1116(a), with this Court and serve upon the Plaintiff within thirty (30) days after entry of this order, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with this Court's order; and

    IT IS FURTHER ORDERED that the bond of $ 100 posted with the court shall constitute the bond for the preliminary injunction.

    The Court permits service of the preliminary injunction by electronic mail in addition to effectuating service as required by Fed. R. Civ. P. 4 & 5.

    **IT IS SO ORDERED.**

    DATED: This 30th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE