1  LAURI S. THOMPSON
   Nevada Bar No. 6846
2  LARAINE M.I. BURRELL
   Nevada Bar No. 8771
3  GREENBERG TAURIG, LLP
   3773 Howard Hughes Parkway
4  Suite 400 North
   Las Vegas, Nevada 89169
5  Telephone: (702) 792-3773
   Facsimile: (702) 792-9002
6  thompsonl@gtlaw.com;
   burrelll@gtlaw.com
7
   *Counsel for Plaintiffs*
8

9                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
10

11 | HAKKASAN LV, LLC, a Nevada
12 | limited liability company,
   | HAKKASAN LIMITED, a foreign       Case No.: 2:13-cv-01122-GMN-CWH
13 | private limited company,
   |                                   **PERMANENT INJUNCTION (ECF No. 27)**
14 |                Plaintiffs,        **and DEFAULT JUDGMENT (ECF No. 25)**
   |                                   **AGAINST DEFENDANTS TSANG HANG**
15 | v.                                **WANG and PRIME NIGHTLIFE, LLC**
16 | TSANG HANG WANG, an individual;
   | PRIME NIGHTLIFE, LLC, a
17 | California limited liability company,
18 |                Defendants.
19

20        Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiffs HAKKASAN LV,

21 LLC and HAKKASAN LIMITED (collectively "Hakkasan" or "plaintiffs") filed a motion for entry

22 of default judgment against defendants TSANG HANG WANG and PRIME NIGHTLIFE, LLC

23 (collectively "defendants"). The defendants failed to respond to, or answer, plaintiffs' amended

24 complaint previously served upon defendants and therefore, the clerk of the court entered a default

25 against defendants on November 18, 2013.  This court has given due consideration to plaintiffs'

26 motion for such judgment as well as the papers, pleadings, and exhibits offered in support thereof;

27 and the court being fully advised in the matter and there having been no appearance made by

28

LV 420201054v2

defendants, it is therefore,

ORDERED, ADJUDGED and DECREED that Judgment be entered in favor of Hakkasan LV LLC and Hakkasan Limited, and against defendants Tsang Hang Wang and Prime Nightlife, LLC., on all counts of plaintiffs' amended complaint; and it is further ordered and adjudged that said Judgment shall include the following specific findings of fact and award of specific relief:

1.  Hakkasan Limited owns the mark HAKKASAN in connection with, among other things, restaurant, bar and nightclub services. In particular, Hakkasan Limited owns a federal trademark registration (U.S. Reg. No. 3,789,248) for HAKKASAN for bar and restaurant services and a trademark registration (U.S. Reg. No. 4,458,604) for nightclubs, nightclub services in the nature of reservation and booking services for the purpose of arranging for admission to nightclubs, and related services (the "HAKKASAN Marks"). Hakkasan LV is a licensee of the HAKKASAN Marks in connection with its ownership and operation of Hakkasan Las Vegas and has the exclusive right to use the HAKKASAN Marks in Las Vegas, Nevada and on the intent in connection with such Vegas nightclub and services.

2.  Based on Hakkasan Limited's federal trademark registrations and extensive use, Hakkasan Limited owns the exclusive right to use its HAKKASAN Marks in connection with restaurant, bar, nightclub and related services. As a licensee of the HAKKASAN Marks, Hakkasan LV is entitled to the exclusive right to use the HAKKASAN Marks in Las Vegas, Nevada in connection with Hakkasan Las Vegas for restaurant, bar and nightclub services and is entitled to enforce its rights against defendants.

3.  The extensive advertising and promotion of Hakkasan Las Vegas and the other Hakkasan locations around the world have resulted in the HAKKASAN name and mark being distinctive for restaurant, bar and nightclub services.

4.  Defendants registered and used the HAKKASAN Marks as part of their infringing Internet domain name <hakkasanlasvegas.net> with the bad faith intent to profit from their use of the HAKKASAN Marks;

5.  Defendants linked their infringing domain name to a website entitled "Hakkasan Las Vegas Nightclub" with the subtitle "VIP Bottle Service, Guest List, Promoters, and Hosts."

LV 420201054v2

Defendants' website invited users to submit personal information to request such services. Further, another website owned by defendants' located at <primenightlife.com> provided a link entitled "Hakkasan Las Vegas" which took users directly to the infringing domain name.

6. Defendants' use of the HAKKASAN Marks in connection with their services is likely to cause confusion as to the source and origin of defendants' website and services;

7. If defendants' use of the term HAKKASAN continues, plaintiffs will continue to suffer irreparable injury to their good will and reputation which was established through use of the HAKKASAN Marks, and for which an award of damages would be inadequate;

8. Defendants acted willfully in their infringement and cybersquatting of the HAKKASAN marks; and

9. Defendants are liable for their trademark infringement, unfair competition, cybersquatting, deceptive trade practices and intentional interference with prospective economic advantage.

THEREFORE, IT IS HEREBY ORDERED that defendants Tsang Hang Wang and Prime Nightlife, LLC., their respective officers, agents, servants, employees, and/or all persons acting in concert or participation with them, are permanently enjoined (1) from using plaintiffs' trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on web sites and in domain names); and (2) from registering, owning, leasing, selling or trafficking in any domain name containing plaintiffs' trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

IT IS FURTHER ORDERED that the current registrar of the <hakkasanlasvegas.net> domain name shall immediately unlock and permanently transfer the <hakkasanlasvegas.net> domain name to plaintiff Hakkasan LV, LLC;

IT IS FURTHER ORDERED that defendants pay plaintiff Hakkasan LV, LLC $1,000 in nominal damages for corrective advertising;

IT IS FURTHER ORDERED that defendants pay plaintiff Hakkasan LV, LLC statutory damages of $100,000.00;

LV 420201054v2

1 | IT IS FURTHER ORDERED that Defendants pay plaintiffs' attorneys' fees and costs in the amount of $25,019.22.;

2 | IT IS FURTHER ORDERED that plaintiffs' cash deposit of one hundred dollars ($100.00) be released from the registry account of this court and returned to Greenberg Traurig.

3 | IT IS FURTHER ORDERED that jurisdiction of this case shall be retained by this court for the purpose of enforcement of this Judgment.

**DATED** this 16th day of May, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

Respectfully submitted by:

GREENBERG TRAURIG, LLP

/s/ Laraine M.I. Burrell
_____
Lauri S. Thompson (Bar No. 6846)
Laraine M.I. Burrell (Bar No. 8771)
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
*Counsel for Plaintiffs*