**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| HAKKASAN LV, LLC; HAKKASAN LIMITED, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> TSANG HANG WANG; PRIME NIGHTLIFE, LLC, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:13-cv-1122-GMN-CWH <br><br> **ORDER** |

Pending before the Court is *pro se* Defendant Tsang Hang Wang's Motion to Set Aside Clerk's Entry of Default. (ECF No. 44). Plaintiffs Hakkasan LV, LLC and Hakkasan Limited filed a Response, (ECF No. 51), to which Defendant Wang replied, (ECF No. 54).

Also before the Court is Defendant Wang's Motion to Dismiss, (ECF No. 43). Plaintiffs filed a Response, (ECF No. 52), to which Defendant Wang replied, (ECF No. 53). For the reasons set forth below, the Court will deny these Motions.

**I.     BACKGROUND**

This case centers upon allegations that Defendants Wang and Prime Nightlife, LLC infringed upon the trademarks of Plaintiffs Hakkasan LV, LLC and Hakkasan Limited by registering and operating the web site <hakkasanlasvegas.net>. (Am. Compl., ECF No. 10). On July 10, 2013, the Court granted Plaintiffs' request to permit service of the Summons and Complaint upon Defendant Wang via email. (Order 4:25-5:2, ECF No. 12). On May 16, 2014, the Court entered default judgment against Defendants. (ECF No. 28). On January 28, 2015, Magistrate Judge Carl Hoffman denied a motion in which Defendant Wang requested that service of process be quashed. (ECF No. 58). In the instant Motions, Defendant Wang requests

that the Court set aside the default judgment and dismiss Plaintiffs' Amended Complaint.[1]

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), "The court may set aside an entry of default for good cause . . . ." To determine if good cause exists, the Court considers:

> (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default.

*United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal citations and quotations omitted). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*

## III.   DISCUSSION

Defendant Wang argues that he had several meritorious defenses to Plaintiffs' claims, that setting aside the default judgment would not prejudice Plaintiffs, and that he was not culpable for the conduct that led to the entry of default judgment. However, as the Court finds that Defendant Wang has failed to demonstrate that he could assert any meritorious defenses, it need not consider the other arguments put forward by Defendant Wang.

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *Signed Pers. Check No. 730*, 615 F.3d at 1094. However, "All that is

---

[1] In light of Defendant Wang's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense." *Id.*

Here, Defendant Wang claims that he could assert three meritorious defenses: (1) improper service of process; (2) lack of personal jurisdiction; and (3) fair use. (Def. Wang's Reply, ECF No 54).  The Court will address each of these in turn.

### A.   Service of Process

Defendant Wang argues that Plaintiffs' claims should be dismissed because he was served via email and was never given physical copies of the original Summons and Complaint. As an initial matter, the Court notes that this very argument was rejected in Magistrate Judge Hoffman's Order denying Defendant Wang's Motion to Quash. (ECF No. 58).  Nevertheless, after considering this argument de novo, the Court finds that Defendant Wang has failed to demonstrate that he could assert a meritorious defense based on improper service of process.

It is well established that "the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Indeed, the Ninth Circuit has previously held that service of process via email can be "the method of service *most* likely to reach [a defendant]" in online trademark infringement cases. *See id.* (emphasis added).

In this case, Defendant Wang concedes that Plaintiffs' service of process via email was "technically correct," and does not argue that this method was not reasonably calculated to provide him with notice and an opportunity to respond. (Mot. to Set Aside at ii, ECF No. 44). Instead, Defendant Wang argues only that service via email was impermissible pursuant to Federal Rule of Civil Procedure 4.  However, given that the Ninth Circuit upheld this method of service in *Rio Properties*, it is apparent that Defendant Wang is incorrect. 284 F.3d at 1017.

Accordingly, the Court finds that Defendant Wang's argument regarding improper service does not constitute a meritorious defense which could warrant setting aside the default judgment.

### B. Personal Jurisdiction

Defendant Wang argues that the Court lacks jurisdiction over him in this case because he is a citizen of California. (Def. Wang's Reply 6:17-18, ECF No. 54). However, it is well established that personal jurisdiction may be exercised over a nonresident defendant when: (1) the nonresident defendant has purposefully directed his activities or consummated some transaction with the forum or resident thereof, or performed some act by which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim is one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice. *See, e.g.*, *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

In fact, federal courts frequently exercise personal jurisdiction over nonresident defendants in cases, such as the instant one, based on allegations trademark infringement occurring online. *See, e.g.*, *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) *holding modified by Yahoo! Inc*, 433 F.3d 1199 (9th Cir. 2006); *Park Inns Int'l, Inc. v. Pacific Plaza Hotels, Inc.*, 5 F. Supp. 2d 762, 766 (D. Ariz. 1998). Therefore, Defendant Wang's contention that the Court lacks personal jurisdiction merely because he is a resident of California is, by itself, insufficient to constitute a meritorious defense.

### C. Fair Use

Defendant Wang also argues that he is protected from liability under the doctrine of fair use. There are two types of fair use defenses in the trademark context, "classic fair use" and "nominative fair use." *New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302, 308 (9th Cir. 1992). To establish classic fair use, "a defendant must prove the following three elements:

(1) [the defendant's] use of the term is not as a trademark or service mark; (2) [the defendant] uses the term fairly and in good faith; and (3) [the defendant] uses the term only to describe its goods or services." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1151 (9th Cir. 2002) (internal quotations omitted).  Alternatively, a nominative fair use defense requires a showing that: (1) the plaintiff's product or service was not readily identifiable without use of the trademark; (2) no more of the mark or marks were used than reasonably necessary to identify the plaintiff's product or service; and (3) the defendant did nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder. *New Kids on the Block*, 971 F.2d at 308.

"[C]ourts should use the *New Kids* nominative fair use analysis in cases where the defendant has used the plaintiff's mark to describe the plaintiff's product, even if the defendant's ultimate goal was to describe his own product.  By contrast, courts should use the traditional classic fair use analysis in cases where the defendant has used the plaintiff's mark only to describe his own product, and not at all to describe the plaintiff's product." *Cairns*, 292 F.3d at 1152.

In this case, Defendant Wang is alleged to have used Plaintiffs' marks to identify Plaintiffs' nightclub as the location relevant to his services. (Am. Compl. 4:23-26, ECF No. 10) ("Defendants linked the Infringing Domain Name to a website entitled 'Hakkasan Las Vegas Nightclub' with the subtitle 'VIP Bottle Service, Guest List, Promoters, and Hosts.' Defendants' website invited users to submit personal information to request bottle service."). Therefore Defendant Wang's assertion that his conduct was "fair use" is cognizable only as a nominative, rather than classic, fair use defense.

Nevertheless, Defendant Wang has failed to present sufficient facts to show that he could assert a meritorious nominative fair use defense.  Defendant Wang argues that Plaintiffs' exhibits do not show that Defendant Wang attempted to infringe upon Plaintiffs' trademarks or

cause consumer confusion. (Def. Wang's Reply 6:19-21, ECF No. 54).  Defendant Wang also claims that the allegedly infringing web site contained the phrase "www.hakkasanlasvegas.net is no way affiliated or represents 'Hakkasan LV' or its realated [sic] trademarks or parties. This website is strictly for informational and promotional purposes only." (*Id.* at 6:22-25).

However, even assuming these assertions are true, Defendant Wang has still failed to show that: (1) Plaintiffs' products and services were not readily identifiable without use of Plaintiffs' trademarks; (2) Defendant Wang did not use Plaintiffs' marks more than reasonably necessary to identify Plaintiffs' products and services; and (3) Defendant Wang did nothing in conjunction with the marks to suggest that he was sponsored or endorsed by Plaintiffs. *See New Kids on the Block*, 971 F.2d at 308.  Therefore, the Court finds that Defendant Wang has failed to carry his burden of presenting allegations that, if true, would give rise to a meritorious defense.  Accordingly, the Court will deny Defendant Wang's Motion to Set Aside.

Furthermore, because the Court declines to set aside the default judgment against Defendant Wang, the pending Motion to Dismiss Plaintiffs' Amended Complaint will be denied as procedurally improper.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Wang's Motion to Set Aside Clerk's Entry of Default, (ECF No. 44), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Wang's Motion to Dismiss, (ECF No. 43), is **DENIED**.

**DATED** this 17th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court